Carrington J.
There is no weight i think in the two objections started by the appellee?s counsel. Where the person applying owns the land on both sides of the stream, the presumption is, that the bed of it belongs to him, and therefore it Is unnecessary for him to set it forth in his application to the Court. Bui If he own the land on one side only, and seek to condemn an acre on the other side for an abutment, no such presumption exists, and therefore it is necessary to state to the Court, that the property in the bed of the run is in the Commonwealth, or in the party applying. The 4th section of the law refers to the proceedings subsequent to the ordering of the writ. The words are, cc in like manner if the person proposing to build such mill and dam shall have the fee simple property in the lands on both sides of the stream, yet *166 application shall be made to the Court of the comity wherein the mill house will stand, for a like writ which shall be directed, executed, and returned, as prescribed in the former case.”
The second objection is, that the jury have said nothing as to the injury which the lands below the dam might sustain. They have gone as far as they could. It was impossible for them to value the damage which the owners of land below the mill might sustain by the breaking of the dam 5 it was an accident which perhaps might never happen. They have therefore very properly left it to be decided upon by another tribunal whenever the case should occur.
I come next to consider the point upon which the District Court reversed the judgment.
The rule is laid down in 4 Bac. Ab. 440, 441, and the cases there cited, that the Deputy Sheriff may execute process in all cases where the High Sheriff is not specially required to go in person, or where the thing to be done is not of such a nature as to amount to judicial act. Thus in an inquiry of waste, partition, &c., the writs command the Sheriff to go in person, and consequently being commissions specially directed to himself, they cannot be executed by de- . puty. In two other cases which are mentioned, viz-a writ of admeasurment of dower, and a writ de nativo habendo, the High Sheriff must act in person, because those writs being vicontiel, and not returnable, he decides finally and in the capacity of a Judge.
But in this case, every act of the Sheriff is purely ministerial The inquisition is the finding of the jury, not the judgment of the Sheriff. It is returned to the Court from whence the writ emanated, and it is there finally decided upon.
By the laws of this State, a general power is given to Deputy Sheriffs to execute all writs and process whatsoever, leaving it for particular acts to make exceptions from this general law, when necessary. Consequently, we find that the Legislature has thought proper to require the personal attendance of the High *167 Sheriff, in cases of executions against a former Sheriff' Rev* Laws p» 145.
Upon the whole, I am of opinion that the judgment of the District Court might to be reversed, and ifas order of the County Court affirmed.
Lyons J. — The general rule is, that whatever t\t Sheriff may do personally, he may do by deputy» But from this there are exceptions. If the act he of a judicial nature, he cannot delegate it to another. The case of a writ of admeasurment of dower is an instance of this. So if the High Sheriff be required to act m person he must do .so.
By our law, the Sheriff is authorised generally to act by deputy, unless in cases expressly excepted. The inconvenience might be very great, if the High Sheriff in' cases of this sort were required to attend lo per son | as if two writs of ad quod damnum were to be executed on the same day.
This writ is directed to the Sheriff which means as well the Deputy as the High Sheriff It is a write; and all writs may be executed by a Deputy Sheriff» It is not a judicial act 5 it is not a case excepted from the general authority given to Deputy Sheriff’s, and therefore I can see no reason why he may not properly take the inquisition. It may not be improper also to remark, that the general practice of the coun,try has favoured this opinion. There is no weight in the other two objections stated at the bar. I am therefore of opinion that the judgment of the District Court is erroneous.
The President»- — The rule in England is, that where process is directed to the Sheriff generally, and nor by name, if the High Sheriff be not required by the command of the writ, or by some Statute, to go in person, he may act by deputy. The case of am Elegii is not distinguished from the present, and though another reason seems to be given in FulwooFs Case, 4 Rep* 65, why the Deputy may act, vet a more satisfactory one is furnished by the role above men - *168 tioned ; namely, that the Statute does not require the High Sheriff to go in person.
Our law upon this subject appears to be formed upon this rule. All process, without exception, is directed by the general law to be executed by the High Sheriff, or by his deputies, leaving particular cases in which it might be proper for the High Sheriff to act, for future laws to provide for. Accordingly, the Legislature have thought proper in two cases which are recollected, to require the High Sheriff to act in person. As to the charging of the jury, those who make the objection ought to shew that the High Sheriff can ex officio administer an oath, without a positive law to authorise it.
It was the common practice for the deputies to ex - ecute writs of ad quod damnum to dock intails, and I do not: know that in any instance it was questioned.
Judgment of the District Court reversed, and the order of the County Court affirmed.([1])

(1) Eppes v. Cralle, 1 Munf. 258. 264